**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**AT WHEELING**

**LARRY AND JANA RINE,**

        **Plaintiffs,**

                                               **CIVIL ACTION NO: 5:11-cv-4**

**v.**

**CHESAPEAKE APPALACHIA, LLC,**

        **Defendant.**

**CHESAPEAKE APPALACHIA, LLC'S ANSWER TO COMPLAINT**
**FOR INJUNCTIVE AND MONETARY RELIEF**

    **COMES NOW** Defendant, Chesapeake Appalachia, LLC ("Chesapeake"), by and through counsel, and for its Answer to Plaintiffs' Complaint states as follows:

**FIRST DEFENSE**

    The complaint fails to state a claim against Chesapeake upon which relief can be granted and must be dismissed, and is otherwise barred by a release of all claims.

**SECOND DEFENSE**

    In answer to the separate Paragraphs of Plaintiffs' Complaint, Chesapeake states as follows:

    1.    Chesapeake denies any and all allegations of wrongful or illegal conduct, and denies that Plaintiffs are entitled to any of the damages or relief requested in Paragraph 1 of the Complaint. Chesapeake is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 1 of the Complaint.

2.      Chesapeake is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint, and demands strict proof thereof.

3.      With respect to Paragraph 3 of the Complaint, Chesapeake admits that it is an Oklahoma Limited Liability Company and citizen of Oklahoma City, Oklahoma.  Chesapeake also states that it is registered to do business and is conducting business in West Virginia as Chesapeake Appalachia, LLC, and is engaged in, among other things, the business of producing natural gas in West Virginia. Chesapeake also admits that it operates certain gas wells and related facilities in Wetzel County, West Virginia.  Chesapeake denies that it is a corporation.

4.      With respect to Paragragh 4 of the Complaint, Chesapeake admits that to the extent the Complaint alleges a cause of action for damage to property located in Wetzel County, venue is proper in Wetzel County.

5.      Chesapeake is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint.

6.      With respect to the allegations made in Paragraph 6 of the Complaint, Chesapeake admits that in or about August 2009 it was lawfully engaged in operations in connection with the installation of a new gas well on the surface that included construction and reclamation work specified in a permit issued to Chesapeake by the West Virginia Department of Environmental Protection ("DEP" or "WVDEP"). To the extent Paragraph 6 alleges any wrongdoing by Chesapeake, Chesapeake denies the same. Chesapeake is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 6 of the Complaint.

7.      With respect to the allegations made in Paragraph 7 of the Complaint, Chesapeake admits that it was lawfully engaged in operations in connection with the installation of a new gas well on the surface that included construction and reclamation work in accordance with the specific plans and permits issued by the WVDEP. Chesapeake denies that it constructed a "pond" and denies that any pits created pursuant to the permit from the DEP were used for the deposit of waste material from the process of hydraulic fracturing. Chesapeake admits that in the process of completing the well, the process of hydraulic fracturing was utilized, but otherwise denies the other allegations as stated in the Complaint. To the extent Paragraph 7 alleges any wrongdoing by Chesapeake, Chesapeake denies the same.

8.      With respect to the allegations made in Paragraph 8 of the Complaint, Chesapeake admits that it was lawfully engaged in operations in connection with the installation of a new gas well on the surface that included construction and reclamation work in accordance with the permit issued by the WVDEP. Chesapeake denies that remaining allegations as set forth in Paragraph 8, and to the extent Paragraph 8 alleges any wrongdoing by Chesapeake, Chesapeake denies the same.

9.      With respect to the allegations made in Paragraph 9 of the Complaint, Chesapeake admits that it was lawfully engaged in operations in connection with the  installation of a new gas well on the surface that included construction and reclamation work in accordance with the specific plans and methods set forth in the permit issued by the WVDEP. Chesapeake otherwise denies the remaining allegations in Paragraph 9 and, to the extent Paragraph 9 alleges any wrongdoing by Chesapeake, Chesapeake denies the same.

10.     With respect to the allegations made in Paragraph 10 of the Complaint, Chesapeake admits that it was lawfully engaged in operations in connection with the  installation

of a new gas well on the surface that included construction and reclamation work in accordance with the specific plans and methods set forth in the permit issued by the WVDEP. Chesapeake otherwise denies the remaining allegations in Paragraph 10 and, to the extent Paragraph 10 alleges any wrongdoing by Chesapeake, Chesapeake denies the same.

11.     With respect to the allegations made in Paragraph 11 of the Complaint, Chesapeake admits that it was lawfully engaged in operations in connection with the installation of a new gas well on the surface that included construction and reclamation work in accordance with the specific plans and methods set forth in the permit issued by the WVDEP. Chesapeake otherwise denies the remaining allegations in Paragraph 11 and, to the extent Paragraph 11 alleges any wrongdoing by Chesapeake, Chesapeake denies the same.

12.     With respect to the allegations made in Paragraph 12 of the Complaint, Chesapeake admits that it was lawfully engaged in operations in connection with the installation of a new gas well on the surface that included construction and reclamation work in accordance with the specific plans and methods set forth in the permit issued by the WVDEP. Chesapeake otherwise denies the remaining allegations in Paragraph 12 and, to the extent Paragraph 12 alleges any wrongdoing by Chesapeake, Chesapeake denies the same.

13.     Chesapeake is without knowledge or information sufficient to form a belief regarding the statement made in Paragraph 13 of the Complaint, but denies that the area where drilling occurred is an area where Plaintiffs are entitled to use the property.

14.     Chesapeake is without knowledge or information sufficient to form a belief regarding the statement made in Paragraph 14 of the Complaint, but denies that permission of the Rine's was necessary. Chesapeake's lease and common law property rights expressly gave them

permission to use so much of the surface as was reasonably necessary for the drilling and production of the minerals.

      15.     Chesapeake denies the allegations set forth in Paragraph 15 of the Complaint.

      16.     Chesapeake denies the allegations set forth in Paragraph 16 of the Complaint.

      17.     Chesapeake denies the allegations set forth in Paragraph 17 of the Complaint.

      18.     Chesapeake denies the allegations set forth in Paragraph 18 of the Complaint.

      19.     Chesapeake denies the allegations set forth in Paragraph 19 of the Complaint.

      20.     Chesapeake denies the allegations set forth in Paragraph 20 of the Complaint.

      21.     Chesapeake is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 21 of the Complaint. Chesapeake admits, that as mineral owner, it has a dominant estate and the right to use the surface and did so in accordance with its property and common law rights.

      22.     With respect to Paragraph 22 of Plaintiffs' Complaint, Chesapeake incorporates by reference its responses to each of the preceding Paragraphs of the Complaint.

      23.     Chesapeake denies the allegations set forth in Paragraph 23 of the Complaint.

      24.     Chesapeake denies the allegations set forth in Paragraph 24 of the Complaint.

      25.     Chesapeake denies the allegations set forth in Paragraph 25 of the Complaint.

      26.     Chesapeake denies the allegations set forth in Paragraph 26 of the Complaint..

      27.     Chesapeake denies the allegations set forth in Paragraph 27 of the Complaint.

      28.     Chesapeake denies the allegations set forth in Paragraph 28 of the Complaint.

      29.     Chesapeake denies the allegations set forth in Paragraph 29 of the Complaint.

      30.     Chesapeake denies the allegations set forth in Paragraph 30 of the Complaint.

      31.     Chesapeake denies the allegations set forth in Paragraph 31 of the Complaint..

32.     With respect to Paragraph 32 of Plaintiffs' Complaint, Chesapeake incorporates by reference its responses to each of the preceding Paragraphs of the Complaint.

33.     Chesapeake denies the allegations set forth in Paragraph 33 of the Complaint.

34.     Chesapeake denies the allegations set forth in Paragraph 34 of the Complaint.

35.     Chesapeake denies the allegations set forth in Paragraph 35 of the Complaint.

36.     Chesapeake denies the allegations set forth in Paragraph 36 of the Complaint.

37.     With respect to Paragraph 37 of Plaintiffs' Complaint, Chesapeake incorporates by reference its responses to each of the preceding Paragraphs of the Complaint.

38.     Chesapeake denies the allegations set forth in Paragraph 38 of the Complaint.

39.     Chesapeake denies the allegations set forth in Paragraph 39 of the Complaint.

40.     Chesapeake denies the allegations set forth in Paragraph 40 of the Complaint.

41.     Chesapeake denies the allegations set forth in Paragraph 41 of the Complaint.

42.     Chesapeake denies the allegations set forth in Paragraph 42 of the Complaint.

43.     Chesapeake denies the allegations set forth in Paragraph 43 of the Complaint.

44.     Chesapeake denies the allegations set forth in Paragraph 44 of the Complaint.

45.     Chesapeake is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint.

46.     Chesapeake denies the allegations set forth in Paragraph 46 of the Complaint.

47.     Chesapeake denies the allegations set forth in Paragraph 47 of the Complaint.

48.     Chesapeake denies the allegations set forth in Paragraph 48 of the Complaint.

49.     With respect to Paragraph 49 of Plaintiffs' Complaint, Chesapeake incorporates by reference its responses to each of the preceding Paragraphs of the Complaint.

50.     Chesapeake denies the allegations set forth in Paragraph 50 of the Complaint.

51.     Chesapeake denies the allegations set forth in Paragraph 51 of the Complaint.

52.     With respect to Paragraph 52 of Plaintiffs' Complaint, Chesapeake incorporates by reference its responses to each of the preceding Paragraphs of the Complaint.

53.     Chesapeake denies the allegations set forth in Paragraph 53 of the Complaint.

54.     Chesapeake denies the allegations set forth in Paragraph 54 of the Complaint.

55.     Chesapeake denies the allegations set forth in Paragraph 55 of the Complaint.

56.     With respect to Paragraph 56 of Plaintiffs' Complaint, Chesapeake incorporates by reference its responses to each of the preceding Paragraphs of the Complaint.

57.     Chesapeake denies the allegations set forth in Paragraph 57 of the Complaint.

58.     Chesapeake denies the allegations set forth in Paragraph 58 of the Complaint.

59.     Chesapeake denies the allegations set forth in Paragraph 59 of the Complaint.

60.     Chesapeake denies the allegations set forth in Paragraph 60 of the Complaint.

61.     Chesapeake denies the allegations set forth in Paragraph 61 of the Complaint.

62.     Chesapeake denies the allegations set forth in Paragraph 62 of the Complaint.

63.     With respect to Paragraph 63 of Plaintiffs' Complaint, Chesapeake incorporates by reference its responses to each of the preceding Paragraphs of the Complaint.

64.     Chesapeake denies the allegations set forth in Paragraph 64 of the Complaint.

65.     Chesapeake denies the allegations set forth in Paragraph 65 of the Complaint.

66.     Chesapeake denies the allegations set forth in Paragraph 66 of the Complaint.

67.     Chesapeake denies the allegations set forth in Paragraph 67 of the Complaint.

68.     Chesapeake denies every allegation of the Complaint not expressly admitted heretofore, and denies that Plaintiffs are entitled to any of the relief or damages requested.

## THIRD DEFENSE

Chesapeake has a lease for the production of the minerals underlying the surface of the property in which the plaintiffs claim an interest.  As the owner of the right to produce the minerals, Chesapeake also has ownership of express and implied rights of way and easements to use the surface in such manner as is necessary and convenient to the development of the mineral, including, but not limited to, the right to enter upon the surface to build and maintain roads, to drill and to operate wells for the production of the mineral, and to lay pipelines over and through the surface. Chesapeake's entry on the surface estate and its entry for the drilling of a well has at all times been reasonable, necessary and incident to its ownership and development of the mineral estate and thus, as a matter of law, Chesapeake is entitled to judgment on its behalf. Squires v. Lafferty, 95 W. Va. 307, 309, 121 S.E. 90, 91 (1924); Justice v. Pennzoil Company, 598 F.2d 1339 (4th Cir. 1979), cert. denied, 444 U.S. 967 (1979).   Further, in accordance with Justice v. Pennzoil, whether Chesapeake is using the surface in accordance with its property rights is a matter to be decided by the court, not a jury.  Id.

## FOURTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the statute of limitations, or the time limitations or notice provisions set forth in the Oil & Gas Production Damage Compensation Act, W. Va. Code §22-7-1, *et seq*. ("the Act").

## FIFTH DEFENSE

Plaintiffs' common law damage claims are *damnum absque injuria*, and in any event can be no more than the fair market value of any property damaged.  Squires v. Lafferty, 95 W. Va. 307, 121 S.E. 90 (1924).

## SIXTH DEFENSE

Plaintiffs' damage claims and remedies are limited to those specifically set forth in the Act, W. Va. Code §22-7-1, *et seq*.

## SEVENTH DEFENSE

Plaintiffs' claims are barred by release, waiver and/or estoppel.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitation and repose.

## NINTH DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## TENTH DEFENSE

Plaintiffs' Complaint for injunctive relief fails to state a claim upon relief may be granted inasmuch as Plaintiffs fail to set forth the material elements necessary for injunctive relief, including, *inter alia,* a showing that absent injunctive relief some immediate or irreparable harm will follow.

## ELEVENTH DEFENSE

At all times relevant to the subject matter alleged herein, Chesapeake's actions were in compliance with all applicable federal, state and local Rules, Regulations and Laws.

## TWELFTH DEFENSE

Any actions by Chesapeake, as alleged herein, including reclamation practices and so-called "waste disposal," were conducted pursuant to a permit issued by the West Virginia Department of Environmental Protection.

## THIRTEENTH DEFENSE

Plaintiffs have failed to exhaust all Administrative Remedies inasmuch that they have the right under W. Va. Code §22-6-1 *et seq* to challenge or comment upon the permit issued by the West Virginia Department of Environmental Protection, which sanctions Defendants actions, as alleged.

## FOURTEENTH DEFENSE

Plaintiffs' common law claims have been preempted by the regulatory process for reclamation practices and so-called "waste disposal" activities, which were lawfully conducted pursuant to a permit issued by the West Virginia Department of Environmental Protection.

## FIFTEENTH DEFENSE

Chesapeake incorporates by reference herein, any and all affirmative defenses generally recognized as applicable to actions of this type.  Such defenses include, but are not limited to, those defenses specifically set forth in Rule 8 of the Federal Rules of Civil Procedure, and any other affirmative defense known under existing law, rule, regulation or statute, or which may become recognized in the future by courts or promulgated by rule or regulation or otherwise enacted into law.

## SIXTEENTH DEFENSE

To the extent that Plaintiffs' Complaint asserts or alleges that Plaintiffs are entitled to recover punitive or exemplary damages from Chesapeake, then Chesapeake asserts the following defenses:

1.      Plaintiffs' claim for punitive damages violates, and is therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America on grounds including the following:

a.     it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon Plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.     the procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts or wrongdoing, which infringes upon the Due Process and Equal Protection Clauses of the Fourteen Amendment of the United States Constitution;

c.     the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against a defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

d.     the procedures to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

e.     the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

f.     the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and fourteenth Amendments and the Equal

Protection Clause of the fourteenth Amendment of the United States Constitution;

g.    the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

h.    the award of punitive damages to Plaintiffs in this action would constitute a deprivation of property without due process of law; and

i.    the procedures pursuant to which punitive damages are awarded permits the imposition of an excessive fine and penalty.

2.    Plaintiffs' claim for punitive damages violates and is, therefore, barred by the provision of the Constitution of the State of West Virginia, including but not limited to Article III, Sections 4, 5, 6 and 10, on grounds including the following:

a.    it is a violation of the Due Process and Equal Protection Clauses to impose punitive damages, which are penal in nature, against a civil defendant upon Plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.    the procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

c.    the procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against Chesapeake;

d.    the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of award of punitive damages;

e.    the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts;

f.	the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum fine for the same or similar conduct;

g.	the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines;

h.	the award of punitive damages to Plaintiffs in this action would constitute a deprivation of property without due process of law; and

i.	the procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

## SEVENTEENTH DEFENSE

Chesapeake will rely upon any and all further defenses that become available or appear during the discovery proceedings in this action and hereby specifically reserves the right to amend its answer for the purpose of asserting any such additional defenses.

**WHEREFORE**, Chesapeake, having fully answered the Complaint herein, states that it is not liable to Plaintiffs for any of the matters alleged in the Complaint and that there can be no recovery in this action by Plaintiffs against Chesapeake.  Accordingly, Chesapeake demands judgment in its favor dismissing the Complaint, with prejudice, and that it be awarded its costs, expenses and attorneys' fees, and such other and further relief as the Court may deem appropriate.

**CHESAPEAKE APPALACHIA, LLC**

**By Counsel**

**ROBINSON & McELWEE PLLC**

/s/ Timothy M. Miller
Timothy M. Miller (WV Bar No. 2564)
John J. Meadows (WV Bar No. 9442)
P.O. Box 1791
Charleston, WV 25326
Phone: (304) 344-5800
Fax: (304) 344-9566

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

### AT WHEELING

**LARRY AND JANA RINE,**

        **Plaintiffs,**

                                    **CIVIL ACTION NO: 5:11-cv-4**

**v.**                                       **(formerly Wetzel County, WV**
                                                 **Civil Action No. 10-C-93K)**

**CHESAPEAKE APPALACHIA, LLC,**

        **Defendant.**

### CERTIFICATE OF SERVICE

I, Timothy M. Miller, counsel for Defendant Chesapeake Appalachia, LLC, do hereby certify that on this 13th day of January, 2011, I filed the foregoing **CHESAPEAKE APPALACHIA, LLC'S ANSWER TO COMPLAINT FOR INJUNCTIVE AND MONETARY RELIEF** with the Clerk of the Court:  A true copy was delivered via U.S. Mail to the following:

                        Brian A. Glasser, Esquire
                        John W. Barrett, Esquire
                        209 Capitol Street
                        Charleston, West Virginia  25301
                              *Counsel for Plaintiffs*

                        /s/ Timothy M. Miller
                        Timothy M. Miller (WV Bar No. 2564)