```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

LARRY and JANA RINE,

    Plaintiffs,

v.                                    Civil Action No. 5:11CV4
                                                      (STAMP)

CHESAPEAKE APPALACHIA, LLC,

    Defendant.

## ORDER CONFIRMING PRONOUNCED ORDER OF THE COURT GRANTING AS FRAMED PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER, SETTING BOND AND SCHEDULING HEARING ON MOTION FOR PRELIMINARY INJUNCTION

On April 10, 2011, the plaintiffs in the above-styled civil action filed a motion for a temporary restraining order ("TEMPORARY RESTRAINING ORDER") and/or preliminary injunction enjoining the defendant, Chesapeake Appalachia, LLC ("Chesapeake"), from continuing its trespass and property destruction on the plaintiffs' real property in Wetzel County, West Virginia.[1]  In support of this motion, the plaintiffs argue: (1) they are likely to succeed on the merits of claims of trespass, property damage, and improper waste disposal; (2) they will suffer irreparable harm without injunctive relief; (3) an injunction would not substantially harm the defendant; and (4) an injunction is in the public interest.

On April 11, 2011, the parties, by their counsel, appeared by telephone for a hearing on the motion for a TEMPORARY RESTRAINING

---

[1] Larry and Jana Rine are individuals and residents of Marshall County, West Virginia.  Together they own the surface rights to roughly 210 acres of real property in a section of Wetzel County known as Silver Hill, where they are part-time residents. (Compl. ¶ 2.)

ORDER and/or preliminary injunction. The parties presented no testimony. After hearing argument from counsel for the plaintiffs and the defendant and considering the equitable factors set forth in The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 346-47 (4th Cir. 2009), this Court granted the plaintiffs' motion for a TEMPORARY RESTRAINING ORDER as framed. This order hereby CONFIRMS the pronounced order of the Court. The plaintiffs' motion for a TEMPORARY RESTRAINING ORDER is hereby GRANTED AS FRAMED for the reasons set forth by the Court at the hearing. Under this TEMPORARY RESTRAINING ORDER, the defendant may continue to repair the slip located near the waste disposal pit, but must do so without moving any additional soil from the plaintiffs' property. Any soil that must be moved shall be stored by the defendant on site. The defendant may continue to bring clean, compacted soil into the pit to replace the soil that was removed and to stabilize the pit.

It is further ORDERED that the TEMPORARY RESTRAINING ORDER shall remain in effect through April 21, 2011 or until such order is extended by this Court for good cause shown. This TEMPORARY RESTRAINING ORDER shall bind the defendant, its officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation with any of those persons or entities. The parties are DIRECTED to appear at the Wheeling point of holding court, located in the Federal Building, 1125 Chapline Street, Wheeling, West Virginia at **9:00 a.m. on April 21, 2011** for

2

a preliminary injunction hearing.[2]  Any motion or memorandum of law which the plaintiffs may wish to file with regard to a request for preliminary injunction shall be filed on or before **5:00 p.m. on April 18, 2011**.  Any response by the defendant shall be filed on or before **5:00 p.m. on April 20, 2011.**

Rule 65 of the Federal Rules of Civil Procedure states, "[t]he court may issue a . . . [TEMPORARY RESTRAINING ORDER] only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c). The United States Court of Appeals for the Fourth Circuit has held that "[u]nlike the computation of the bond amount, which may be set in such sum as the court deems proper, the decision whether to require a bond is strictly circumscribed by the terms of Rule 65(c)."  <u>Maryland Dept. of Human Res. v. U.S. Dept. of Agric.</u>, 976 F.2d 1462, 1483 (4th Cir. 1992) (internal quotations and citations omitted) (stating that failure to require a bond before granting preliminary injunctive relief is reversible error); <u>see also</u> <u>District 17, United Mine Workers of America v. A&M Trucking, Inc.</u>, 991 F.2d 108, 109 (4th Cir. 1993) (requiring bond).  Accordingly, the plaintiffs are ORDERED to post a Fifty Thousand Dollar ($50,000.00) bond, with corporate surety thereon, securing the defendant for any losses incurred as a result of the TEMPORARY

---

[2] This hearing will be held in the South Courtroom on the Second Floor of the Courthouse.

RESTRAINING ORDER.  Further, the plaintiffs must be prepared to show evidence of this bond being obtained at the preliminary injunction hearing on April 21, 2011.

    IT IS SO ORDERED.

    The Clerk is directed to transmit a copy of this order to counsel of record herein.

    DATED:    April 12, 2011

    /s/ Frederick P. Stamp, Jr.
    FREDERICK P. STAMP, JR.
    UNITED STATES DISTRICT JUDGE