# EXHIBIT E

## PROTOCOLS FOR ENTRY AND SAMPLING ON THE RINE WELL PAD IN CONNECTION WITH THE LITIGATION STYLED LARRY AND JANA RINE V. CHESAPEAKE APPALACHIA, LLC; CIVIL ACTION NO. 5:11-CV-4 IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

1. For operations to be conducted on the Rine Well Pad scheduled to begin on or about March 28, 2011, a security guard will be posted at the site, and any non-Chesapeake employees, contractors, or representatives entering or leaving the site (including, but not limited to, Larry Rine, Jana Rine, Ed Wade, counsel for same, and/or Downstream Strategies and/or its representatives (collectively, "Plainitffs")) will need to check in with the security guard before entering or leaving the site.

2. If Plaintiffs and/or representatives of Chesapeake/Environmental Sampling, Inc. want to take any soil or water samples, they will notify the designated representative for each party (noted below) so that sampling procedures can be coordinated. It is agreed that both sides are entitled to take duplicate, split samples at any location where the other side takes samples.

3. It is understood and agreed that this is an active construction site, and that certain safety procedures and protocols need to be followed. Accordingly, at no time will any of Plaintiffs be allowed on the site (where there is active construction undergoing) who is not wearing personal protective equipment ("PPE"), including a hard hat, steel-toed boots or similarly appropriate footwear, safety glasses and other equipment as may be necessary or required by law. Further, Plaintiffs may be allowed on site for purposes of photographing and sampling only with the permission of the site coordinator for Chesapeake and only if all equipment is shutdown and the area is otherwise determined safe for entry (a decision solely within the discretion of the site coordinator for Chesapeake). In any event, hard hats will be required at all times. Each party will be responsible for providing their own PPE.

4. In the event Plaintiffs desire to take soil samples, only representatives of Downstream Strategies (or other designated environmental professionals previously approved by Chesapeake) shall take the samples. Plaintiffs will be granted the right to take samples at three different times of their choosing during each work day during the excavation of and removal of the pit contents upon proper notification to Chesapeake as described herein (the "discretionary samples"). It is anticipated that the excavation and removal of pit contents will last 5-7 work days, and accordingly, this would allow a minimum of between 15 to 21 discretionary samples of the pit to be taken at the discretion of Plaintiffs (30 to 42 if duplicate samples are taken, as expected). In the event of any catastrophic or unexpected event occurs, such as a slip, release, or other significant event beyond the current contemplation of the parties, it is agreed that additional sampling may be requested and will be allowed, if reasonable notice is given to the designated representative of Chesapeake and such samples may be taken safely and without harm to the ongoing operations.

5. With respect to videography or photography, it is understood that there is a hillside area outside of the active work area that overlooks the work area and which is considered a safe location. The area may be temporarily fenced to control ingress and egress points for safety reasons. Accordingly, designated representatives of either party are welcome, at any and all times, to be present on on such location for purposes of any observation, photography or videography. Further, during the time periods when the job site is shutdown for purposes of the discretionary samples, additional photography and videography in and around the site and in the pit will be allowed, if it an be done safely and only after it is coordinated with Chesapeake's site coordinator.

6. At no time, however, shall Plaintiffs be permitted to be in the pit, in a confined space, or in areas that might be considered confined spaces subject to special safety procedures. It is understood that samples from the pit area will be grab samples from the bucket of the backhoe or other equipment in order to prevent individuals from going into the pit or falling into the pit area. Plaintiffs agree to keep a safe distance from the sides and edges of the pit, berms or any other areas where there might be a fall hazard, and at no time shall they come onto the site while there is active construction barring prior express permission of the Chesapeake site coordinator.

7. Each day on site, Chesapeake will designate an individual as its site coordinator. This will be the individual who will serve as the liaison for communications, requests for discretionary samples, or other issues which may arise.

8. It is understood and agreed that the coordination of these activities at the site and in connection with this project are not authorized or intended as any type of "deposition" or "witness statement" and, accordingly, no statement, recordings, or videos of representatives of either party or their employees or agents shall be taken without express consent of counsel for each side, and the opportunity for counsel to be present for such.

9. It is understood and agreed that this is an active construction site, and accordingly, there is loose rock, material, dirt, water, mud and other fall and slip hazards, and potentially dangerous equipment and truck operations. Accordingly, anyone who enters the site for purposes of any of the protocols or undertakings contemplated by this protocol does so at their own risk, and ASSUMES THE RISK. It is understood and agreed that Chesapeake is not coordinating safety protocols for Plaintiffs or any of their representatives. Chesapeake, nevertheless, will attempt to coordinate entry and activities in a safe manner.

10. Any individuals who desire entry on the property for the purposes contemplated by this protocol will be required to sign and abide by the terms of this protocol and acknowledge the safety warnings contained herein.

AGREED TO BY:

_____
Timothy M. Miller, Esq.
ROBINSON & McELWEE PLLC
P. O. Box 1791
Charleston, West Virginia  25326


_____
Isak J. Howell, Esq.
LAW OFFICE OF ISAK HOWELL
117 East Washington Street, Suite 1
Lewisburg, WV  24901


I HAVE READ AND AGREE TO THE ABOVE:

PLAINTIFFS AND THEIR REPRESENTATIVES ENTERING THE WORKSITE:

_____

_____

_____

{R0576401.1}                           3